Filed 1/24/23  P. v. Barroso CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080292 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD291537) |
| OMAR LOPEZ BARROSO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

Omar Barroso appeals from a sentence imposed after he pled guilty to driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)), driving with a blood alcohol content of 0.08 percent or more (Veh. Code, § 23152,

subd. (b)), and driving while his license was suspended for a prior DUI conviction (Veh. Code, § 14601.2, subd. (a)), and further admitted that he had a blood alcohol content of 0.15 percent or more (Veh. Code, § 23578) and had been convicted of two other felony DUIs within the previous 10 years (Veh. Code, §§ 23626, 23550.5, subd. (a)). We affirm the judgment, but direct that the sentencing minute order and abstract of judgment be amended to correct clerical errors.

### FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Current Offense*

On the night of August 13, 2021, San Diego police officers saw Barroso drive a vehicle through a controlled intersection without stopping. They initiated a traffic stop. Barroso had blood-shot eyes, he was slurring his speech, and smelled of alcohol. There were several open containers of beer on the passenger side of the vehicle. At the scene, he failed a gaze nystagmus test. A records check revealed that Barroso was driving on a suspended license, he had multiple prior DUI convictions, and he had an active felony warrant. The police arrested him and took him to headquarters for a blood test. The results showed that he had a blood alcohol content of 0.176 percent.

B.  *Trial Court Proceedings*

Barroso was charged with three counts: (1) driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)); (2) driving with a blood alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b)); and (3) driving while his license was suspended for a prior DUI conviction (Veh. Code, § 14601.2, subd. (a)). Counts one and two further alleged that Barroso had a blood alcohol content of 0.15 percent or more (Veh. Code, § 23578) and had been convicted of a felony DUI within the previous 10 years. (Veh. Code, §§ 23626, 23550.5, subd. (a).) The information alleged two qualifying prior felony DUI

convictions under Vehicle Code section 23152, subdivision (b)—a September 2019 conviction in San Diego Superior Court Case No. SCE386871 and a September 2019 conviction in San Diego Superior Court Case No. SCN402735.

In March 2022, Barroso pled guilty to all counts and admitted all allegations of the information, without any indicated sentence.  As part of the factual basis for the plea, Barroso admitted that he had "suffered prior convictions for [Vehicle Code section] 23152(b) in case SCN402735 & SCE386871."  He acknowledged that the maximum sentence of imprisonment he could receive was three years and six months.

Barroso was 29 years old at the time of the current offense.  The probation report listed five prior DUI convictions and several other non-DUI convictions.

The probation report also listed five aggravating circumstances as follows:  (1) Barroso's prior convictions as an adult were numerous; (2) Barroso had served a prior prison term in cases SCE386871 and SCN402735; (3) Barroso was on parole when the crime was committed; (4) Barroso's prior performance on parole was unsatisfactory; and (5) Barroso had a blood alcohol level of 0.15 percent or more at the time of the charged DUI.

Although the probation report listed no mitigating circumstances, it noted that Barroso was placed in foster care at the age of eight; he was removed from his home because an uncle physically and sexually abused him; his mother and grandmother physically abused him as well; he attended therapy and met with a psychiatrist when he was younger because he suffered from depression; he took medication as a minor to treat his depression; he reported "he mostly drinks because he is confused regarding

3

his sexuality"; and he planned to address his substance abuse issues by attending Alcoholics Anonymous meetings.

As to counts one and two, the probation officer stated: "Based on the possible circumstances in aggravation, the upper term could be justified; however, the defendant has not stipulated to, admitted, or been found true [*sic*] of the circumstances in aggravation. Therefore, the middle term is recommended."

In April 2022, the trial court sentenced Barroso to the upper term of three years for count one, stayed the sentence for count two under Penal Code section 654, sentenced him to time served for count three, and imposed several fines and fees, including a $2,700 restitution fine under section 1202.4.

The trial court explained that it was imposing the upper term for count one because Barroso had admitted having two prior felony DUI convictions as part of his guilty plea, and only one was needed to elevate the current DUI conviction from a misdemeanor to a felony. The court noted, "there's another felony that nobody's using. Why can't I use it to aggravate him?" The court acknowledged that it could not consider any of the other prior convictions listed in the probation report that Barroso had *not* admitted to as part of his guilty plea, but stated, "what I can do is I can look at what you pled to here. And one is that he had two felony priors at the time of the plea, so I'm not using a dual use, number one. And number two is: He also pled to a [Vehicle Code section] 14601.2(a), which is, you know, he didn't have a license because of his driving under the influence convictions. [¶] So because of that I'm going to aggravate him and select the upper term of three years."

4

## DISCUSSION

### I

Barroso first contends that by imposing the upper term of three years on count one, the trial court violated Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.), which became effective three months before Barroso's sentencing hearing. According to Barroso, the trial court's reliance on one of his felony DUI priors to impose the upper-term sentence violated the statute because the prosecution submitted no certified records of the prior conviction. We disagree.

As amended, Penal Code section 1170, subdivision (b)(2) states in relevant part that the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Pen. Code, § 1170, subd. (b)(2).) Subdivision (b)(3) provides an exception to this rule for prior convictions. It states that notwithstanding subdivision (b)(2), "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (Pen. Code, § 1170, subd. (b)(3).)

In this case, Barroso admitted two prior felony DUI convictions as part of his guilty plea. On his plea form, he admitted that he had "suffered prior convictions for [Vehicle Code section] 23152(b) in case SCN402735 & SCE386871." At the plea hearing, Barroso again admitted that he had suffered these two prior convictions. Because Barroso admitted the two prior felony DUI convictions, it was proper for the trial court to consider them under Penal Code section 1170, subdivision (b)(2). A certified record of

conviction under subdivision (b)(3) was not required because subdivision (b)(2) allows the court to consider any facts that have been admitted by the defendant.

*People v. Dunn* (2022) 81 Cal.App.5th 394, review granted October 12, 2022, S275655 (*Dunn*), supports this conclusion.[1] As Barroso notes, the court in *Dunn* concluded that Penal Code section 1170, *subdivision (b)(3)*, does not permit "stipulations by the defendant to prove prior convictions." (*Id.* at p. 404.) But in the very next sentence, the court stated that "[s]tipulations by the defendant *are permitted* to prove aggravating circumstances . . . *under subdivision (b)(2)* of amended section 1170." (*Ibid.*, italics added.) Because the defendant in *Dunn* had previously admitted violating the terms of her probation, the court concluded that "there was no error in the trial court's reliance upon the aggravating circumstance that defendant's prior performance on probation was unsatisfactory." (*Ibid.*) Likewise, because Barroso admitted having suffered two prior felony DUI convictions, there was no error in the trial court's reliance on one of these priors as an aggravating circumstance to impose the upper term.

Barroso argues that this constituted an improper dual use of facts because his two prior felony DUI convictions were alleged "as elements" necessary to elevate his current DUI to a felony under Vehicle Code section 23550.5, subdivision (a). (Cal. Rules of Court, rule 4.420(h) ["A fact that is an element of the crime on which punishment is being imposed may not be used

---

[1] The Supreme Court granted review in *Dunn* and ordered briefing deferred pending its decision in *People v. Lynch*, S274942, regarding the standard of prejudice that applies in determining whether to remand a case for resentencing when the original sentencing hearing occurred before the effective date of Senate Bill No. 567. Because the Supreme Court has not ordered otherwise, we may cite the *Dunn* opinion for its persuasive value while review is still pending. (Cal. Rules of Court, rule 8.1115(e)(1).)

to impose a particular term."].)  As the trial court ruled, however, only one of these felony DUI priors was required to elevate Barroso's current DUI to a felony.  (Veh. Code, § 23550.5, subd. (a).)  For this reason, the trial court was free to use the other felony DUI prior admitted by Barroso as an aggravating factor to impose the upper term.  When the facts "exceed the minimum necessary to establish the elements of the crime, a trial court can use such evidence to aggravate the sentence." (*People v. Castorena* (1996) 51 Cal.App.4th 558, 562–563 [trial court did not violate dual use proscription by imposing upper term for gross vehicle manslaughter based on evidence of implied malice, which exceeded the minimum necessary to prove gross negligence]; see also *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1775–1776 [trial court did not violate dual use proscription by imposing upper term for robbery based on evidence of force or fear that exceeded the minimum required for robbery].)  By admitting to *two* prior felony DUI convictions, Barroso admitted to facts exceeding the minimum necessary to elevate his current DUI to a felony.

Barroso also seems to suggest that he did not admit that his DUI priors could be used as aggravating factors.  But the statute only requires that the defendant admit "the facts underlying" the aggravating circumstances.  (Pen. Code, § 1170, subd. (b)(2); see also Cal. Rules of Court, rule 4.420(b) [same].)  It does not require that the defendant also admit that those facts qualify or may be used as aggravating circumstances.  In *Dunn*, for example, the defendant did not admit that her probation violations qualified as an aggravating circumstance; she merely admitted in earlier revocation proceedings that she had violated her probation.  Yet the court still held that this was enough to support "the aggravating circumstance that defendant's prior performance on probation was unsatisfactory." (*Dunn*, *supra*, 81

7

Cal.App.5th at p. 404.)  Here, Barroso similarly admitted the facts underlying two of his prior felony DUI convictions.  Thus, the trial court properly relied on one of them to elevate his current DUI to a felony and the other to impose the upper term.[2]

Barroso also argues that the trial court "failed to take into account and weigh relevant mitigating evidence", that his trial counsel was ineffective because she "failed to alert the court to relevant mitigating circumstances", and that the trial court failed to consider the presumption in favor of the lower term for cases in which "psychological, physical, or childhood trauma" was a contributing factor in the commission of the offense.  (Pen. Code, § 1170, subd. (b)(6)(a); Cal. Rules of Court, rule 4.423(b)(3) & (4).)

The mitigating circumstances Barroso cites come straight from the probation report.  "Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules."  (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322; see also Cal. Rules of Court, rule 4.409 ["Relevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise."].)  And we must also presume that the trial court knew and applied the correct law, including the amendments to Penal Code section 1170 that took effect several months before the sentencing

---

[2]  Barroso does not challenge the trial court's reliance on the fact that he was driving on a suspended license as an additional ground for imposing the upper term.  We note that the court could also have relied on Barroso's admission that his blood alcohol content exceeded 0.15 percent, nearly twice the legal maximum of 0.08 percent.  (Veh. Code, § 23152, subd. (b).)  Vehicle Code section 23578 explicitly states that "if a person is convicted of a violation of Section 23152 or 23153, the court shall consider a concentration of alcohol in the person's blood of 0.15 percent or more, by weight . . . as a special factor that may justify enhancing the penalties in sentencing . . . ."

hearing. (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) Because nothing in the record rebuts either of these presumptions, Barroso has not demonstrated any error or prejudice under either the *Watson* standard for state-law error or the *Strickland* standard for ineffective assistance of counsel. (*People v. Watson* (1956) 46 Cal.2d 818, 836–837; *Strickland v. Washington* (1984) 466 U.S. 668, 694.)

## II

Barroso next contends that his $2,700 restitution fines must be reversed because "[i]t appears probation and the court were relying on the formula in Penal Code section 1202.4, subdivision (b)(2)," and if so, the proper calculation would yield a total of $900, rather than $2,700. Although Barroso did not raise this issue in the trial court, he argues that it may be raised for the first time on appeal "because the fine imposed was unauthorized under the statute the court purported to use to calculate it."

We conclude that this issue has been forfeited. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Penal Code section 1202.4, subdivision (b)(1) authorizes the imposition of a restitution fine in any amount between $300 and $10,000. (Pen. Code, § 1202.4, subd. (b)(1).) Moreover, the formula in Penal Code section 1202.4, subdivision (b)(2) is by its terms discretionary. (Pen. Code, § 1202.4, subd. (b)(2) ["In setting a felony restitution fine, the court *may* determine the amount of the fine as . . . ." (italics added)].) Because the $2,700 fine imposed by the trial court is within the range authorized by law, and the court was not required to use the discretionary formula, it is not an unauthorized sentence and may not be challenged for the first time on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 ["because defendant did not

object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal"].)

### III

The parties agree that the minute order and abstract of judgment should be amended to correct clerical error as to the sentence imposed for count three. Although the court imposed a sentence of time served for count three, the minute order and abstract of judgment incorrectly reflect a concurrent sentence of 180 days. We agree that these clerical errors should be corrected.

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended sentencing minute order and corrected abstract of judgment reflecting that Barroso was sentenced to time served for count three. The court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.